UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRAD ANTHONY CARROLL,

           Petitioner,

-vs-                                                      Case No. 8:08-cv-888-T-33MAP

SECRETARY, DEPT. OF CORRECTIONS,

           Respondent.
_____/

## ORDER

      This cause is before the Court on Petitioner Carroll's 28 U.S.C. § 2254 petition for writ of habeas corpus filed by retained counsel on May 8, 2008. (Doc. No. 1). Respondent responded to the petition (Doc. No. 8). Petitioner did not file a reply to the response.

      Carroll challenges his convictions and sentences entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida. A review of the record demonstrates that, for the following reasons, the petition must be **denied**.

Background

      Petitioner Carroll was charged with trafficking in phenethylamines; possession of cannabis with intent to sell; and possession of cannabis in excess of 20 grams, contrary to the state criminal laws of Florida. (Doc. No. 5/Exhibit 003/R 21).[1] These charges resulted from the fruits of a search warrant obtained by the Polk County Sheriff's Office and law enforcement's three-page statement of facts in support of probable cause for the warrant. (Doc. No. 5/Exhibit 003/R 37-39). Carroll moved to suppress the evidence obtained pursuant to the search warrant.

---

[1] Petitioner filed the state court record.

(Doc. No. 5/Exhibit 003/R 27-36). The state trial court held an evidentiary hearing on the motion to suppress. (Doc. No. 5/Exhibit 003/R 74-122). After the hearing, the state trial court entered a written order denying the motion to suppress. (Doc. No. 5/Exhibit 003/R 123). Carroll then entered a nolo contendere plea reserving the right to appeal the denial of the motion to suppress. (Doc. No. 5/Exhibit 001/R 124-132; 145-148).

On August 27, 2004, the state trial court sentenced Carroll to a composite seven-year sentence. (Doc. No. 5/Exhibit 001/R 133-141; 149; 150-149). Carroll appealed, raising one issue:

> WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS WHERE THE AFFIDAVIT ON WHICH THE SEARCH WARRANT WAS ISSUED DID NOT JUSTIFY A FINDING OF PROBABLE CAUSE AND THE GOOD FAITH EXCEPTION DOES NOT APPLY.

(Doc. No. 5/Exhibit 004/p. 4).

On December 9, 2005, the state district court of appeal affirmed Carroll's convictions and sentence. (Doc. No. 5/Exhibit 007). *Carroll v. State*, 916 So.2d 797 (Fla. 2nd DCA 2005)[Table].

Carroll then filed a Rule 3.850(1)(a) motion to set aside the judgment and sentence, raising two grounds:

> THE JUDGMENT OF CONVICTION IS UNRELIABLE WHERE COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN FAILING TO RAISE ANY ISSUES OF CONSTRUCTIVE POSSESSION; and
>
> TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO DETERMINE THE VERACITY OF THE INFORMATION PROVIDED BY CONFIDENTIAL SOURCES 1, 2, and 3 AND THEIR RESPECTIVE IDENTITIES FOR THE PURPOSES OF THE MOTION TO SUPPRESS.

(Doc. No. 5/ Exhibit 0009).

On May 9, 2007, the state trial court dismissed the Rule 3.850 motion without prejudice to Carroll's filing a facially sufficient motion within thirty days.[2] (Doc. No. 5/Exhibit 008). The state trial court order reads:

ORDER ON DISMISSING DEFENDANT'S MOTION TO SET ASIDE JUDGMENT AND SENTENCE

THIS MATTER is before the Court upon Defendant's Motion to Set Aside Judgment and sentence, filed November 28, 2006, pursuant to Rule 3.850, Fla.R.Crim.P. After review of the Motion, court file, and applicable law, the Court finds as follows:

The Defendant asserts two claims for relief, as follows:

1) The judgment of conviction is unreliable where counsel rendered ineffective assistance in failing to raise any issues of constructive possession.

2) Trial counsel rendered ineffective assistance of counsel in failing to determine the veracity of the information provided by confidential sources 1, 2, and 3 and their respective identities for purpose of the Motion to Suppress.

The Defendant's judgment and sentence were the result of a negotiated plea. (See attachment.) The Defendant fails to allege he would not have agreed to his plea bargain but for the alleged deficiencies of trial counsel. This deficiency renders the Defendant's claims facially insufficient. [See *Warner v. State*, 916 So.2d 879 (Fla. 2d DCA 2005)]. Accordingly, Defendant's claims are **DISMISSED without prejudice** re-file a facially sufficient motion.

Based on the above, it is **ORDERED AND ADJUDGED** that Defendant's Motion is **DISMISSED without prejudice** to re-file a legally sufficient Motion, pursuant to the requirements of Rule 3.850, Fla.R.Crim.P. Defendant has thirty (30) days from the date of this Order in which to appeal this Order to the Second District Court of Appeal.

(Doc. No. 5/Exhibit 010)(emphasis in original).

Carroll did not re-file his Rule 3.850 motion. Instead, Carroll's counsel filed the present petition on May 8, 2008.

---

[2] The state trial court relied on *Warner v. State*, 916 So.2d 879 (Fla. 2d DCA 2005).

## The Governing Legal Principles

Because Carroll filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir.2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir.2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308

(11th Cir.2005), *cert. denied*, 549 U.S. 819 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir.2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e) (1).

Exhaustion of State Court Remedies and Procedural Default

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state

courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Snowden v. Singletary*, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

Exhaustion of state court remedies generally requires a petitioner to pursue discretionary appellate review. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing *O'Sullivan*, 526 U.S. at 845). This is required even if the state Supreme Court rarely grants such petitions and usually answers only questions of broad significance. *O'Sullivan*, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d at 1138. "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson v. Campbell*, 353 F.3d at 891(quoting *Judd v. Haley*, 250 F.3d at 1313).

As stated above, a procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows

both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson v. Campbell*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "'prejudice," Carroll must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Carroll must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition,

" '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon,* 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The *Schlup* Court stated that the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup* 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

"The Supreme Court fairly recently made clear that an ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default." *Henderson v. Campbell*, 353 F.3d at 896. In *Edwards v. Carpenter*, 529 U.S. 446, 451- 52 (2000), a habeas petitioner argued ineffective assistance of counsel as cause for his procedural default of other constitutional claims in his § 2254 petition. But, he had never raised this ineffective assistance claim in state court, and he was now procedurally barred from raising the claim. The Supreme Court held that unless the petitioner could establish cause and prejudice to excuse his procedural default of his ineffective assistance claim, he was barred from using it as a basis for cause to excuse his procedural default of the underlying claim. *Id.* at 451-53.

<u>No Presumption that the State Court Ignored Its Procedural Rules</u>

Finally, this Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary

dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. *See Coleman,* 501 U.S. 722, 735-36 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); *Tower v. Phillips*, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

## DISCUSSION

### Ground One

Carroll contends that the trial court erred in denying his motion to suppress. More specifically, he claims that the affidavit for the search warrant was deficient on its face and therefore invalid. Carroll contends that the arresting officer's affidavit in support of the search warrant did not support the allegation that Carroll had contraband in his home. Carroll also alleges that the information available to the arresting officer was based on unsupported and uncorroborated hearsay. Finally, he contends there was no relation to any time period "to alleged acts and the search warrant. Consequently, the good faith exception does not apply."

Ground one is not cognizable in this 28 U.S.C. §2254 petition. In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that a state court's determination that a particular search or seizure did not violate the defendant's Fourth Amendment rights is not reviewable on federal habeas, so long as the defendant had a full and fair chance to litigate the Fourth Amendment claim in the state court. The decision in *Stone* rested on prudent concerns that counseled against the application of the Fourth Amendment exclusionary rule on federal collateral review. *Stone*, 428 U.S. at 494-95, n.37.

The Court reasoned that the Fourth Amendment exclusionary rule was not a personal constitutional right. Rather, the rule was designed to deter future Fourth Amendment violations,

and its application on federal habeas many years after the alleged police misconduct would only marginally advance the goal of deterrence. Moreover, allowing federal habeas review would exclude ordinarily reliable evidence, waste judicial resources, frustrate the necessity of finality and increase friction between federal and state systems. *Stone*, 428 U.S. at 491.

Carroll had a full and fair opportunity to litigate his Fourth Amendment claim at his motion to suppress hearing and on appeal of the denial of that motion. Therefore, Carroll's claim is not reviewable by this Court.

Ground one does not warrant habeas corpus relief.

Grounds Two and Three

**In ground two, Carroll alleges:**

Defendant argued, vis-a-vis, post conviction motion, that the judgment of conviction was unreliable where trial counsel rendered ineffective assistance in failing to raise any issues of constructive possession.

**In ground three, Carroll alleges:**

Defendant argued vis-a-vis, post conviction motion, that the judgment of conviction was unreliable where trial counsel rendered ineffective assistance in failing to determine the veracity of the information provided by confidential sources 1, 2, and 3 and their respective identities for the purposes of he motion to suppress.

Carroll raised grounds two and three in a Rule 3.850 motion that was dismissed on May 9, 2007, without prejudice to his refiling a facially and/or legally sufficient motion within thirty days. Carroll did not refile his motion, and Carroll did not appeal the dismissal of his original Rule 3.850 motion. (Respondent's Exhibit 001/p. 6).[3] Thus, Carroll has abandoned grounds two and three. Abandoned claims are not reviewable in a 28 U.S.C. §2254 proceeding.

---

[3] Respondent's Exhibit 1 is a copy of the Progress Report docket established in *State of Florida v. Brad Anthony Carroll*, Polk County No. 03-CF-008291-XX.

Grounds two and three do not warrant habeas corpus relief.

Accordingly, the Court orders:

That Carroll's petition is denied. The Clerk is directed to enter judgment against Carroll and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 18, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record